UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA,         )
                                  )
        Plaintiff,                )
                                  )   Civil No. 1:04-cv-124
        v.                        )
                                  )
KEITH GOKEY,                      )
PATRICIA LARKIN, f/k/a            )
PATRICIA GOKEY, AND               )
CHRYSLER FINANCIAL COMPANY, LLC., )
                                  )
        Defendants.               )

### ORDER OF CONFIRMATION

The above-entitled matter came before the Court on the United States' Motion for Confirmation of Judicial Sale filed on December 6, 2005, and served on all parties who entered an appearance. No opposition to the motion has been filed, and the time to file such opposition has expired. Having considered the United States' motion and upon further consideration of the relevant pleadings filed in this case, the Affidavit of Melissa A. D. Ranaldo, and the United States Marshal's Report of Sale, the Court finds as follows:

1. All of the subject land and premises identified in the Court's Judgment Order, Decree of Foreclosure and Order for Public Sale dated October 20, 2004 was sold pursuant to law by the United States Marshals Service.

2. The Notice of Judicial Sale was advertised in the *Times Argus* on October 19, 26, November 2, and 9, 2005.

3. The sale occurred on November 29, 2005 and was conducted on the premises at 19 Oswald Street, Barre, Vermont 05641.

4. The parcel of property, sold pursuant to law and to the decree, are described as follows:

> Being all and the same lands and premises subject to the Judgment Order, Decree of Foreclosure and Order for Public Sale dated October 20, 2004, as more fully described therein, and Certificate of Non-Redemption dated April 22, 2005, in the matter of <u>United States of America v. Keith Gokey, et al.</u>, Civil Docket 1:04-cv-124. The Certificate of Non-Redemption and Decree were recorded on April 28, 2005, in the Barre City Land Records at Book 221, Pages 785-794.

5. The parcel was sold to Gerald and Kathy Parrott for $41,000.00, subject to adjustment for delinquent and current pro-rated property taxes and municipal charges.

6. The United States Marshal filed his Report of Sale within ten business days of the sale. That report establishes costs and expenses as a result of the sale in the total amount of $369.00.

7. The interests of the following-named parties in the subject land and premises identified in the decree have been foreclosed: **Keith Gokey, Patricia Larkin and Chrysler Financial Company, LLC.**

8. A copy of this Order shall be recorded in the land records of the City of Barre, Vermont. Such recording shall effectuate the transfer of title to the property.

WHEREFORE, upon consideration of the foregoing, it is hereby ORDERED, ADJUDGED and DECREED that the sale of the subject property at the price $41,000.00, reported by the United States Marshals Service, is hereby CONFIRMED and title to the subject property shall vest in the purchasers Gerald and Kathy Parrott, subject to all mortgages, liens and other encumbrances superior to the liens and mortgages of the United States of America.

IT IS FURTHER ORDERED that the United States Marshals Service shall be paid the sum of $369.00 for its costs and fees prior to any disbursements hereinafter provided and any reasonable future costs.

IT IS FURTHER ORDERED that delinquent and current pro-rated property taxes and municipal assessments may be paid from the sale proceeds, and the balance of the purchase price may be adjusted accordingly.

IT IS FURTHER ORDERED that distribution of the sale proceeds shall first be made to the United States and then, if any surplus remains, to other lien creditors in the order of their priority to the extent of their proven debt as required by the decree. After satisfaction of all debts owed, any remaining surplus

proceeds, if any, shall be distributed to Keith Gokey and Patricia Larkin.

Any order confirming any sale shall be contingent upon payment of the balance of the purchase price within 10 days, thereafter, or by a date mutually agreed upon by the parties, after which time if the payment is not made, the confirmation order shall be null and void.

Dated at Brattleboro, in the District of Vermont, this 27th day of December, 2005.

_/s/ J. Garvan Murtha_
J. GARVAN MURTHA
United States District Judge